UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RAYAN TOBY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:22-cv-10906-IT |
| | * | |
| LOUIS DEJOY, UNITED STATES | * | |
| POSTMASTER GENERAL, | * | |
| | * | |
| Defendant. | | |

MEMORANDUM & ORDER

November 9, 2022

TALWANI, D.J.

Plaintiff Rayan Toby brings this action against Defendant Louis DeJoy, the United States Postmaster General. Toby alleges that DeJoy stole items out of a package that Toby sent via the United States Postal Service ("USPS") and seeks damages in the amount of $800,000. Compl. [Doc. No. 1-1]. Now pending before the court is DeJoy's Motion to Dismiss [Doc. No. 4]. For the reasons that follow, DeJoy's Motion to Dismiss [Doc. No. 4] is GRANTED based on lack of subject matter jurisdiction.

I.   **Factual Allegations**

The Complaint [Doc. No. 1-1] alleges the following facts. On February 4, 2022, Toby shipped a package from a USPS branch in Roxbury, Massachusetts. See Compl. [Doc. No. 1-1]. The package contained a blue iPhone 13 Pro Max 256 GB and Apple AirPod headphones. Id. The iPhone cost $1,199.00 plus $76.00 tax, totaling $1,275.00. Id. The AirPods cost $199.00

plus $10.00 tax, totaling $209.00. Id. These items were allegedly stolen from Plaintiff's package after he shipped them through the USPS. Id.

## II.     Procedural Background

Toby filed his Complaint with the Suffolk County Superior Court against DeJoy "for stealing [Toby's] product from out [of his] product shipment[.]" Compl. [Doc. No. 1-1].[1] DeJoy removed the action pursuant to 28 U.S.C. § 1442(a)(1) (the "Federal Officer Removal Statute"). See Notice of Removal [Doc. No. 1].[2] DeJoy filed the pending Motion to Dismiss [Doc. No. 4] for lack of subject matter jurisdiction, which Toby opposes. See Opp. [Doc. No. 6].

## III.    Standard of Review

Rule 12(b)(1) is "[t]he proper vehicle for challenging a court's subject matter jurisdiction." Valentin v. Hospital Bella Vista, 254 F.3d 358, 362–63 (1st Cir. 2001). Federal courts are courts of limited jurisdiction, so federal jurisdiction is never presumed. Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998). The party asserting jurisdiction has the burden of demonstrating the existence of federal jurisdiction. Id. A court should treat all well-pleaded facts as true and provide the plaintiff the benefit of all reasonable inferences. Fothergill v. United States, 566 F.3d 248, 251 (1st Cir. 2009). Dismissal is appropriate only when the facts alleged in the complaint, taken as true, do not support a finding of federal subject matter jurisdiction. The

---

[1] Toby reports that prior to filing in Superior Court, he filed an administrative complaint with USPS about the missing items. See Opp. [Doc. No. 6]. He states that he also reached out separately to USPS and the Trinidad and Tobago Postal Corporation. See Opp. Exhibits [Doc. No. 6-1].

[2] The Federal Officer Removal Statute allows for removal of a civil action that is "commenced in a State court and that is against or directed to… any officer (or any person acting under that officer) of the United States or of any agency thereof." 28 U.S.C. § 1442(a)(1).

issue of sovereign immunity is "jurisdictional in nature." F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994).

## IV. Discussion

DeJoy contends that the claim has been brought against him in his official capacity. Where Toby's Complaint [Doc. No. 1-1] does not include specific facts as to any wrongful actions taken by DeJoy and where Toby's Opposition [Doc. No. 6] does not dispute DeJoy's characterization, the court concludes that the action is against DeJoy in his official capacity.

DeJoy characterizes Toby's theft allegations as a tort claim against DeJoy in his official capacity and contends that this court does not have subject matter jurisdiction over this claim based on sovereign immunity. Mem. in Supp. of Mot. to Dismiss 1 [Doc. No. 5]. The doctrine of sovereign immunity shields the federal government and its officers and employees acting in their official capacity from suit unless it expressly waives that immunity. See United States v. Mitchell, 445 U.S. 535, 538 (1980).

The Federal Torts Claims ("FTCA"), 28 U.S.C. § 2671, *et seq*., is a limited waiver of sovereign immunity that allows claims against the United States for certain common law torts committed by its employees. The FTCA waives sovereign immunity for certain claims such as those based on "loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government . . . ." 28 U.S.C. § 1346(b)(1). However, this waiver of sovereign immunity is to be "strictly construed." Dynamic Image Techs., Inc. v. United States, 221 F.3d 34, 39 (1st Cir. 2000); see also Reilly v. United States, 863 F.2d 149, 170 (1st Cir. 1988) ("Because the FTCA represents a waiver of the government's sovereign immunity, it is to be construed conservatively.").

The FTCA provides several exceptions to its general waiver of immunity, including for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter."[3] 28 U.S.C. § 2680(b); see Levasseur v. U.S. Postal Serv., 543 F.3d 23, 24 (1st Cir. 2008) ("[M]ail that is stolen by a postal employee is thereby 'lost' from the postal system"). "[A]s a general rule, the postal-matter exception preserves immunity for 'injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address.'" Levasseur., 543 F.3d at 24 (citing Dolan v. U.S. Postal Serv., 546 U.S. 481, 489 (2006)). If categorized as a tort claim, where Toby's alleged injury arises from items being stolen from his mailed package, the court finds that the postal matter exception applies, and DeJoy retains immunity for the tort claim against him in his official capacity.

In his Opposition [Doc. No. 6], Toby argues, inter alia, that the Civil Rights Act of 1871, 42 U.S.C. § 1983, allows persons, including himself, to sue the federal government for civil rights violations. While Toby is correct that § 1983 is an avenue for individuals to pursue damages for government violations, Toby has not alleged any constitutional violation as required for a § 1983 claim.

Similarly, Toby argues that 28 U.S.C. § 2502 allows non-citizens of the United States to sue the federal government in the U.S. Court of Federal Claims if the subject matter of the suit is otherwise within such court's jurisdiction. Opp. ¶ 12 [Doc. No. 6]. This argument is irrelevant, however, where the issue is whether jurisdiction is proper in this United States District Court, not the U.S. Court of Federal Claims.

---

[3] 28 U.S.C. § 2680(b) is sometimes referred to as the "postal-matter exception." See Young v. United States, 2017 WL 2312687, at *1 (D. Mass. May 26, 2017).

4

V.	**Conclusion**

For the foregoing reasons, DeJoy's Motion to Dismiss [Doc. No. 4] is GRANTED.

IT IS SO ORDERED.

November 9, 2022                                                  /s/ Indira Talwani
                                                                  United States District Judge